UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JAY L. BIGGS, | ) | CASE NO. 5:18 CV 1020 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| JOHN D. FERRERO, | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendant. | ) ) ) | |

**Background**

*Pro se* Plaintiff Jay L. Biggs has filed this *in forma pauperis* civil rights action under 42 U.S.C. § 1983 against Stark County Prosecutor John D. Ferrero. (Doc. No. 1.) Biggs is an Ohio prisoner serving a life sentence without the possibility of parole. In 2008, a Stark County jury convicted him of the rape and aggravated murder of his four-month-old daughter.

Biggs unsuccessfully pursued a direct appeal of his conviction in the Ohio courts based on a claim of insufficient evidence. He raised the same claim in a petition for federal *habeas corpus* relief under 28 U.S.C. § 2254. The district court denied Biggs's *habeas corpus* petition on January 15, 2014, *see Biggs v. Coleman*, 5: 11 CV 00292 (N.D. Ohio) (Pearson, J.), and the Sixth Circuit denied him a certificate of appealability.

Biggs subsequently, and unsuccessfully, asserted new grounds to challenge his conviction in the Ohio courts: that the trial court erred in failing to hold an evidentiary hearing on alleged new evidence of juror misconduct, and that his judgment is void because the trial court did not issue a separate sentencing opinion required in connection with a life sentence without the possibility of parole and because no amended indictment was filed to remedy a clerical error. He sought to pursue these grounds in a second or successive *habeas corpus* petition. The Sixth Circuit, however, denied him authorization to file a second or successive petition, finding he failed to demonstrate that his

claims were based on a new, retroactively-applicable Supreme Court decision or new facts establishing by clear and convincing evidence that no reasonable factfinder would have found him guilty but for constitutional error. *See In re: Jay Lewis Biggs*, No. 17-3180 (6th Cir. June 29, 2017).

Biggs now seeks to raise the same three grounds he sought to raise in a second or successive *habeas corpus* petition in this § 1983 action against the Stark County Prosecutor. (*See* Doc. No. 1 at 10-12). He seeks declaratory relief that the conduct he alleges violated his constitutional rights under the Fourteenth Amendment as well as orders vacating his conviction and sentence and requiring the trial court to hold evidentiary and resentencing hearings. (Doc. No. 1 at 13-14.)

**Standard or Review**

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required under 28 U.S.C. §§ 1915(e) and 1915A to screen all *in forma pauperis* actions, and all actions in which prisoners seek redress from governmental officers and employees, and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to state a claim on which relief may be granted, a plaintiff's complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 471 (holding that the dismissal standards articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), govern dismissals for failure to state a claim under §§ 1915(e) and 1915A).

**Analysis**

The plaintiff's complaint fails to state any plausible claim under § 1983 and must be summarily dismissed.

First, to the extent the Plaintiff is seeking immediate release from prison on any of the grounds he alleges, he is precluded from seeking such relief through a civil rights complaint under

the Supreme Court's decision in *Preiser v. Rodriguez*, 411 U.S. 475 (1973). The Supreme Court held in *Preiser*: "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or speedier release from that imprisonment, his sole federal remedy is a writ of *habeas corpus*." *Id*. at 500. A prisoner may not use a civil rights action as an alternative to a petition for a writ of *habeas corpus* to challenge the legality of his confinement. *Id*. at 489-490.

Second, the plaintiff's claims for declaratory and other relief under § 1983 are otherwise barred the Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477 (1994). *Heck* held that in order to recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." (*Id.* at 486-87.) Unless and until a plaintiff makes such a showing, he has no cognizable § 1983 claim. *Heck* extends to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (declaratory relief); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief).

The claims the plaintiff asserts here seek to call into question the validity of his Stark County conviction or sentence. Accordingly, they are barred by *Heck* because neither his conviction nor his sentence has been invalidated or called into question in any of the ways articulated in *Heck*.

Further, although the plaintiff conclusorily alleges in his complaint that Prosecutor Ferrero "violated [his] federal constitutional rights relative to [his] criminal case," (Complt., Doc. No. 1, ¶ 2), his complaint does not allege discernible facts suggesting any specific role, or conduct of Prosecutor Ferrero in the rights violations he purports to allege. Accordingly, his complaint is subject to summary dismissal for this reason as well. *See e.g.*, *Terrance v. Northville Reg. Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) ("claims against governmental officials alleged to arise

3

from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what each defendant did to violate the asserted right"). *See also Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) ("damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did . . .").

**Conclusion**

For the foregoing reasons, the plaintiff's complaint is dismissed on initial screening pursuant to 28 U.S.C. §§ 1915(e) and 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

S/John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

DATED: October 17, 2018